IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN GREEN, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-CV-1623-SMY |
| | ) |
| JOHN P. YATES, | ) |
| | ) |
|       Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Kevin Green filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Docs. 1, 12). Now pending before the Court are Green's Petition for preliminary review and two motions to amend his petition (Docs. 19, 22).

**Background**

Petitioner Green is a federal prisoner incarcerated at USP-Marion. In 2019, he pleaded guilty to receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and was sentenced to 120 months of imprisonment. *United States v. Green*, 954 F.3d 1119, 1122 (8th Cir. 2020).

Green's lengthy Amended Habeas Petition can be summarized as follows: Some Bureau of Prison ("BOP") facilities are "active yards," meaning these compounds are only safe for inmates who are in a gang and are not sex offenders. (Doc. 12, p. 14). Since his incarceration in 2019, Green has feared for his safety as a convicted sex offender who is not a member of any prison gangs. Green's fears were realized when he was allegedly assaulted in the federal prison in Terre Haute, Indiana (*Id.* at p. 12).

As a result of Green's ongoing safety fears, he has repeatedly resisted BOP orders to join the general population or to engage in prison programs where he would be exposed to other prisoners. Green's resisting of BOP orders has resulted in the repeated imposition of discipline, which has included loss of recreation, email, and commissary, as well as loss of good time (*Id.* at p. 2). If he were not fearful for his safety, he could have engaged in additional programming to reduce time from his sentence. (*Id.* at p. 8).

Green attaches to his habeas petition a number of responses to his request for administrative remedies, which include 1130204-F1 (request denied for failure to conduct informal resolution), 1130204-F2 (finding sanctions were correctly applied when Green refused to be housed in general population), 1135214-F1 (request denied for failure to conduct informal resolution), 1135214-F2 (finding sanctions were correctly applied when Green refused to join general population), and a number of regional appeals that were refused for Green's failure to follow proper filing protocols. (*Id.* at pp. 45-46, 48, 51, 53).

With his pending motions to amend his habeas petition, Green includes additional responses by the regional BOP authorities to request for administrative remedies that include 1130204-R1 (determining that a rehearing should be conducted) and 1135214-R1 (determining that a rehearing should be conducted) (Doc. 22, pp. 2, 4).

## Preliminary Review

Under Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases including those brought under 28 U.S.C.

§ 2241.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973). Inmates must exhaust their administrative remedies before filing such a petition. *Richmond v. Scibana,* 387 F.3d 602, 604 (7th Cir. 2004).

This Court has no authority to override BOP determinations about where Green should be housed during his incarceration. *See*, 18 U.S.C. § 3621(b); *In re Gee,* 815 F.2d 41, 42 (7th Cir. 1987) (Attorney General has unfettered discretion to decide where to house federal prisoners). To the extent that Green's Petition raises challenges to the conditions of confinement, those claims must be civil rights action. *See, Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir. 1999). Additionally, many of Green's allegations appear to have not been addressed through the BOP's internal administrative system, and cannot be considered as they are unexhausted. *Richmond*, 387 F.3d at 604.

The only claims that potentially survive preliminary review would be for loss of good time or potentially for failure to complete prison programming for safety reasons that would have resulted in Green obtaining less prison time. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (inmates are entitled to due process before being deprived of earned good time credit and credit-earning programming). However, without a clearer record that includes Green's full disciplinary history, the Court cannot make these determinations.

## Conclusion

For the foregoing reasons, Green's motions to amend his petition (Docs. 19, 22) are **GRANTED.** The Government is **ORDERED** to respond to Green's petition insofar as it alleges loss of good time or inability to complete prison programming that would have resulted in the BOP

reducing the length of time that Green is incarcerated within 30 days. The Government shall attach portions of the record in response and a copy of Green's full disciplinary history while in BOP custody.

**IT IS SO ORDERED.**

**DATED: June 14, 2023**

**STACI M. YANDLE**
**United States District Judge**