**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KEVIN GREEN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Case No. 23-CV-1623-SMY** |
| ) | |
| **WARDEN JOHN P. YATES,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Kevin Green, currently incarcerated at the Marion United States Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the imposition of prison discipline for his refusal to leave administrative segregation and the alleged failure of the Bureau of Prisons ("BOP") to allow him to participate in programming (Docs. 12, 19, 22).  Respondent opposes the Petition and seeks dismissal with prejudice (Doc. 40).  Petitioner filed a Reply, and Respondent submitted supplemental briefing (Docs. 47, 51).  For the following reasons, the Petition will be **DISMISSED**.

## Factual Background

Petitioner Green is currently serving a 120-month term of imprisonment for receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2).  While incarcerated at the Federal Correctional Complex in Forrest City, Arkansas, he had three disciplinary impositions because he refused to leave the special housing unit ("SHU").  He alleges that he feared retaliation from other inmates

based on his sex offender status.  Because he refused to leave the SHU, the BOP did not allow him to participate in programming from which he could earn an earlier release.[1]

With respect to the third disciplinary action (3681486), on October 3, 2022, Green received a charge for a violation of Disciplinary Code 306 (refusing work assignment) (Doc. 40-1, p. 5).  A hearing on the charge was conducted before a disciplinary officer ("DHO") on October 11, 2022 (Doc. 40-1, p. 6).  Green did not dispute the factual basis for the charges and brought in another inmate who stated that sex offenders are not tolerated among the general population (Doc. 40-1, p. 6).  The DHO concluded, "Based on the reporting officer's statement and your own admission, I find that this is sufficient evidence to uphold you violated the prohibited act of Code 306, Refusing to Accept a Program" (Doc. 40-6, p. 13).  Green was punished with a disallowance of 14 days of good conduct time; 120 Days Loss of Commissary Privileges; 90 Days Loss of Email Privileges; 15 Days Loss of Mattress Privileges (lights on to lights off); and 90 Days Loss of Visiting Privileges (Doc. 40-1, p. 7).  The BOP denied Green's appeal as follows: "We find the determination of the DHO is reasonable and supported by the evidence . . . . you provide no evidence there was a threat or valid reason why you could not enter general population.  You refused to enter general population and admitted your actions in your statement to the DHO" (Doc. 51-1, p. 5).

**Discussion**

Green cannot obtain habeas relief for the expunged discipline (3658556 and 3669304).  See *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001) (disciplinary segregation or a reduction in privileges affects the inmate's custody rather than its duration and "*only* the change in credit-earning class" can be raised in a petition for habeas corpus).  Relevant to disciplinary

[1] Two of the disciplinary actions, 3658556 and 3669304, have been expunged and are no longer reflected in Green's disciplinary history.

action 3681486, to adhere to due process, a disciplinary decision that results in the loss of good conduct credit must provide the inmate with the following procedural safeguards: (1) advance written notice of the charges; (2) an opportunity, taking into account the institution's safety concerns to call witnesses and present evidence in this or her defense; (3) a written statement from the factfinder identifying the evidence on which they relied and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record.  *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454 (1985).   With respect to the "some evidence" requirement, the "relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Id.* at 455-56.  See also, *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Here, the BOP conducted a hearing after advising Green of his disciplinary violation and issued a written decision.  Green does not dispute the factual basis for the discipline but contends that he had good cause for violating the rule because of his fears of assault.  The Court defers to the DHO's finding because there was "some evidence" that Green violated the applicable rule.  Likewise, the Court will not disturb the BOP's decision to require Green to join the general population in light of their finding that there was no active threat to his safety (Doc. 40-6, p. 13) ("The investigator determined insufficient evidence to verify a threat to [Green's] safety").

Relatedly, Green asserts that the time that he has spent in SHU affected his ability to participate in programming (particularly the Residential Drug Abuse Program).  But there is no protected liberty interest in such discretionary programming.  *Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, [BOP] thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment"); *Spencer v. United States*, 2016 WL 2865996 at *2 (S.D. Ill. May 17,

2016) ("a prisoner has no constitutional right to participate in RDAP [the Residential Drug Abuse Program], nor is there a constitutional right to early release"). As such, Green's Petition is subject to dismissal.

### Disposition

Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docs. 1, 12) is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Green plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Green does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  October 30, 2023**

**STACI M. YANDLE**
**United States District Judge**